Matthew D. Mellen (Bar No. 233350)
MELLEN LAW FIRM
One Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone: (415) 315-1653
Facsimile:    (415)276-1902

Attorney for Plaintiffs,
ENAYATOLLAH NADAF-RAHROV
FOROUGH NADAF-RAHROV

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENAYATOLLAH NADAF-RAHROV, an individual, and FOROUGH NADAF-RAHROV, an individual<br><br>Plaintiffs,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING, a business entity; THE BANK OF NEW YORK MELLON, a national association; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1.   Declaratory Relief<br><br>2.   Breach of Contract<br><br>3.   Violation of 15 U.S.C. 1692f<br><br>4.   Violation of Civil Code 1788<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW PLAINTIFFS, ENAYATOLLAH NADAF-RAHROV and FOROUGH NADAF-RAHROV ("Plaintiff"), who allege as follows:

### PRELIMINARY ALLEGATIONS

1.   In the case at hand, Plaintiffs seek a judicial determination of their rights and obligations under their loan agreement.  Plaintiffs' loan is an adjustable rate mortgage, with a cap that limits the amount to which the principal balance of the loan can increase during loan repayment. Specifically, Plaintiffs' loan documents provide that their principal balance cannot exceed 115% of their original loan balance. Despite this fact, Defendants have sent Plaintiffs payment demands which demonstrate Defendants have completely disregarded this limitation on the loan balance.

Moreover, Defendants are attempting to sell Plaintiffs Property at foreclosure based on the inflated balance. This lawsuit follows.

**JURISDICTION AND VENUE**

2. This is an action asserting violations of federal and California State Law. Plaintiffs bring this action as a result of Defendants' misconduct relating to ongoing mortgage relationship for Plaintiffs' property located in Marin County. Plaintiffs are homeowners who bring this action as a result of Defendants' unlawful conduct concerning a residential mortgage loan transaction for the property located at 95 Stonetree Lane, Novato, California 94945 (hereinafter "the Property"). This Court has original jurisdiction over the federal claims in this matter and has diversity jurisdiction in this matter because there exists complete diversity amongst the parties and the amount in controversy exceeds $75,000.00. Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City of Novato and County of Marin. Venue is therefore proper in Marin County.

3. This court has personal jurisdiction over the parties as Defendants engage in business within the State of California and in the City of Novato, County of Marin.

**PARTIES**

4. At all times mentioned herein, Plaintiffs ENAYATOLLAH NADAF-RAHROV and FOROUGH NADAF-RAHROV are adult residents of Marin County, California. Plaintiffs are the sole owners of the Property. Plaintiffs are borrowers under the Homeowner Bill of Rights, as they have not surrendered their secured property or contracted an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations to mortgagees or beneficiaries. Thus, at all times relevant, Plaintiffs were borrowers within the meaning of the Homeowner Bill of Rights.

5. At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendant SHELLPOINT MORTGAGE SERVICING ("Shellpoint") is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses. Plaintiffs are informed and believe that Shellpoint is the current servicer of

Plaintiffs' loan.  Plaintiffs are informed and believe and thereon allege that Shellpoint regularly conducts business in Marin County, California.

6.     Plaintiffs are informed and believe and thereon allege that Defendant THE BANK OF NEW YORK, MELLON ("BoNY") is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business, which assumed an interest in Plaintiffs' residential mortgage loan after acquiring an interest in the note from Greenpoint Mortgage.  Plaintiffs are informed and believe that Defendant BoNY is the current holder of Plaintiffs' Note and beneficiary under the Deed of Trust securing Plaintiffs' mortgage loan, and was the beneficiary of Plaintiffs' loan during a relevant time of the allegations herein.  Plaintiffs are informed, believe, and thereon allege that Defendant BoNY regularly conducts business in the State of California.

7.     Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 100, inclusive, and Plaintiffs will amend this complaint to allege such names and capacities as soon as they are ascertained.  Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts for which Plaintiffs have complained herein.

8.     This court has personal jurisdiction over the parties as all Defendants engage in business within the State of California.  Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

9.     At all relevant times herein and presently, Plaintiffs reside in, and the Property is located in the State of California, County of Marin.

## AGENCY ALLEGATIONS

10.    Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant.  Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant is responsible for any and all violations or liability of their predecessors-in-interest.  Additionally, each Defendant has passed

any and all liability to their successors-in-interest, and at all times was acting within the course and scope of its agency, employment, partnership, and/or concert of action.

## STATEMENT OF FACTS

11.     Plaintiffs ENAYATOLLAH NADAF-RAHROV and FOROUGH NADAF-RAHROV ("Plaintiffs") are the owners of the property located at 95 Stonetree Lane, Novato, California 94945 (the "Property").  The Property is Plaintiffs' principal residence and is security for a loan made for personal, family, or household purposes.  The Property contains no more than four dwelling units. Thus, the Property is owner-occupied under the Homeowner Bill of Rights.

12.     In or around July 2006, Plaintiffs purchased the Property.  On or about January 23 2007, Plaintiffs refinanced the loan agreement for their Property, securing financing for the Property by executing a Promissory Note and Deed of Trust in favor of Greenpoint Mortgage ("Greenpoint").

13.     Pursuant to the refinance agreement, Plaintiffs signed a Deed of Trust and Promissory Note in the amount of $1,500,000.00.  However, the principal balance would never increase to over $1,725,000.00, or 115% of the original principal balance of $1,725,000.00 at the time of financing, as set forth in Section 3(D) of the Adjustable Rate Rider. Attached hereto as Exhibit "A" is a true and correct copy of the Promissory Note and Adjustable Rate Rider.  In addition, pursuant to the Adjustable Rate Rider which provided different payment periods and terms during each period.

14.     During the "Option Period", Plaintiffs were required to pay the "Minimum Payment" every month until either (i) the first payment Interest Rate Change Date (February 2012) or (ii) the payment of the Minimum Payment would cause on the next scheduled payment date would cause the principal balance to exceed the Maximum Limit set forth in Section 3(D) (the 115% cap).

15.     For each month that Plaintiffs' payments were less than the amount of interest owed, the unpaid interest for that would be added to unpaid principal. Plaintiffs' monthly payments could be less than or greater to the amount of interest.

16. On or about April 13, 2011, Greenpoint transferred its interest in the Deed of Trust to the loan to The Bank of New York Mellon, who continues to be the beneficiary under the Deed of for Plaintiffs' loan.

17. In or around October 2016, Plaintiffs received a payoff statement which shows that the amount due on the loan had increased to $2,336,739.80, or more than $500,000 over the maximum principal balance allowed by the Note and Adjustable Rate Rider. This lawsuit follows.

**FIRST CAUSE OF ACTION**
**Declaratory Relief**
(Against All Defendants)

18. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

19. An actual controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights and duties pursuant to the Promissory Note. Plaintiffs contend that the Promissory Note does not allow Defendants to increase Plaintiffs' principal balance, inclusive of the interest added to the principal balance under the Note, over $1,725,000.00, or 115% of the original principal balance of $511,000.00. (See Exhibit A). Defendant disputes this contention and contends that it may increase Plaintiffs' principal balance to an amount over $1,725,000.00. Specifically, Defendants contend that, under the terms of the Note, they are authorized to increase Plaintiffs' principal balance to over $1,725,000.00, as demonstrated by its payoff demand for more than $2,000,000.

20. Plaintiffs seek a judicial determination as to whether Defendant can increase Plaintiffs' principal balance as they have done in order to ascertain the present value of the loan and Plaintiffs' rights and responsibilities.

21. A judicial declaration is necessary and appropriate at this time under the circumstances so that the Parties can ascertain their rights and duties under the Agreements in order to avoid Defendant from increasing Plaintiffs' principal balance further and then taking title to Plaintiffs' property.
//

## SECOND CAUSE OF ACTION
### Breach of Contract
(Against Defendant The Bank of New York Mellon)

22. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

23. In or around July 2006, Plaintiffs purchased the Property. On or about January 23 2007, Plaintiffs refinanced the loan agreement for their Property, securing financing for the Property by executing a Promissory Note and Deed of Trust in favor of Greenpoint Mortgage ("Greenpoint").

24. Pursuant to the refinance agreement, Plaintiffs signed a Deed of Trust and Promissory Note in the amount of $1,500,000.00. However, the principal balance would never increase to over $1,725,000.00, or 115% of the original principal balance of $1,500,000.00 at the time of financing, as set forth in Section 3(D) of the Adjustable Rate Rider. Attached hereto as Exhibit "A" is a true and correct copy of the Promissory Note and Adjustable Rate Rider. In addition, pursuant to the Adjustable Rate Rider which provided different payment periods and terms during each period (See Exhibit, "A").

25. On or about April 13, 2011, Greenpoint transferred its interest in the Deed of Trust to the loan to The Bank of New York Mellon, who continues to be the beneficiary under the Deed of for Plaintiffs' loan

26. Plaintiffs allege that Defendant breached the Deed of Trust and Promissory Note provisions set forth above by increasing Plaintiffs' principal balance to over 115% of the original Principal amount. Specifically, Plaintiffs allege that the Deed of Trust and Promissory Note provide that Defendants could not increase Plaintiffs' principal balance to an amount over $1,725,000.00.

27. However, in or around October 2016, Plaintiffs received a payoff statement which shows that the total demanded for the loan had increased to $2,336,739.80, or more than $500,000 over the maximum principal balance allowed by the Note and Adjustable Rate Rider. These amount to a clear breach of the contractual rights and duties of the parties.

28. By reason of Defendants' breaches of contract as alleged herein, Plaintiffs have suffered actual damages including, but not limited to, the imminent foreclosure of their Property, costs

expended in order to save the Property, increased liabilities and an increase in principal balance, attorneys' fees, inflated late fees and interest charges, and the destruction of their credit.

### THIRD CAUSE OF ACTION
### Violation of 15 U.S.C. 1692f
(Against Shellpoint Mortgage Servicing)

29. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

30. Defendant's conduct, as alleged above, constitutes acts or practice or practices in violation of 15 U.S.C. 1692f.

31. The Fair Debt Collection Practices Act provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the false representation of the character, amount, or legal status of any debt. See 15 U.S.C. 1692e(2)(A)

32. In addition, debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33. At the time Shellpoint Mortgage Servicing began servicing Plaintiffs' loan, Plaintiffs were behind in their mortgage payments.

34. Plaintiffs contend that the Promissory Note does not allow Defendants to increase Plaintiffs' principal balance, inclusive of the interest added to the principal balance under the Note, to over $1,725,000.00, or 115% of the original principal balance of $511,000.00. (See Exhibit A). Defendant disputes this contention and contends that it may increase Plaintiffs' principal balance to an amount over $1,725,000.00. Specifically, Defendants contend that, under the terms of the Note, they are authorized to increase Plaintiffs' principal balance to over $1,725,000.00, as demonstrated by its payoff demand for more than $2,000,000

35. Plaintiffs are informed and believe that this amount is an overinflated and improper demand by Shellpoint Mortgage Servicing of the principal amount of Plaintiffs' loan. This

amounts to the use of unfair or unconscionable means to collect or attempt to collect on a debt since it is a demand for a debut which is not expressly authorized by the agreement creating the debt or permitted by law

36. As a result of Defendant's conduct, Plaintiffs have suffered, and continues to suffer various damages and injuries, including but not limited to, excessive interest charges which are added to Plaintiffs' principal balance, attorneys' fees and costs, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, depression, and the inability to sell their home.

37. Pursuant to 15 U.S.C. § 1692k, Defendant is liable for actual damages, civil penalties in the amount of $1,000, attorney's fees, and costs of court.

38. In addition, Plaintiffs seek a judicial declaration of her rights with regard to the subject loan. A judicial declaration is necessary and appropriate at this time under the circumstances so that the parties can ascertain their rights and duties in order to avoid Defendant wrongly taking title to Plaintiff's Property after it has been determined to be making inflated monetary demands from Plaintiff in violation of 15 U.S.C. § 1692f

**FOURTH CAUSE OF ACTION**
**Violation of California Civil Code § 1788.17**
(Against Shellpoint Mortgage Servicing)

39. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

40. Defendant's actions, as set forth herein, constitute a violation of Civil Code § 1788.17, which requires a debt collector to comply with the provisions of 15 U.S.C. 1692b to 1692j.

41. Defendant is a debt collector as defined by Civil Code § 1788.2 because in the ordinary course of business, Defendant regularly, on behalf of itself or others, engages in debt collection.

42. Pursuant to Civil Code § 1788.17, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, and shall be subject to the remedies in 15 U.S.C. 1692k.

43. Pursuant to 15 U.S.C. 1692e(11) a debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt, including the use of any false representation or deceptive means to collect or attempt to collect any debt, including the false representation of the character, amount, or legal status of any debt. See 15 U.S.C. 1692e(2)(A).

44. At the time Shellpoint began servicing Plaintiffs' loan, Plaintiffs were behind in their mortgage payments. Therefore, Shellpoint is a debt collector in its capacity as servicer of Plaintiffs' mortgage loan.

45. In or around July 2006, Plaintiffs purchased the Property. On or about January 23 2007, Plaintiffs refinanced the loan agreement for their Property, securing financing for the Property by executing a Promissory Note and Deed of Trust in favor of Greenpoint Mortgage ("Greenpoint").

46. Pursuant to the refinance agreement, Plaintiffs signed a Deed of Trust and Promissory Note in the amount of $1,500,000.00. However, the principal balance would never increase to over $1,725,000.00, or 115% of the original principal balance of $1,500,000.00 at the time of financing, as set forth in Section 3(D) of the Adjustable Rate Rider. Attached hereto as Exhibit "A" is a true and correct copy of the Promissory Note and Adjustable Rate Rider. In addition, pursuant to the Adjustable Rate Rider which provided different payment periods and terms during each period (See Exhibit, "A").

47. Despite this provision, in or around October 2016, Plaintiffs received a payoff statement which shows that the total demanded for the loan had increased to $2,336,739.80, or more than $500,000 over the maximum principal balance allowed by the Note and Adjustable Rate Rider. These amount to a clear breach of the contractual rights and duties of the parties.

48. Plaintiffs allege that Defendant's demands for an inflated principal balance to pay off the loan constitutes a false, deceptive, and misleading representation regarding the amount of Plaintiffs' loan which it made in connection with its collection of Plaintiffs' mortgage loan.

49. As a result of Defendant's conduct, Plaintiffs have suffered, and continue to suffer various damages and injuries, including but not limited to, excessive interest charges which are added to Plaintiffs' principal balance, attorneys' fees and costs, severe emotional distress, loss of appetite, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression.

50. Pursuant to Civil Code § 1788.17, every debt collector that violates Sections 1692b to 1692j, inclusive, shall be subject to the remedies in 15 U.S.C. 1692k. Pursuant to 15 U.S.C. § 1692k, Defendant is liable for actual damages, civil penalties in the amount of $1,000, attorney's fees, and costs of court.

51. In addition, Plaintiffs seek a judicial declaration of their rights with regard to the subject loan. A judicial declaration is necessary and appropriate at this time under the circumstances so that the parties can ascertain their rights and duties in order to avoid Defendant wrongly taking title to Plaintiff's Property after it has been determined to be making inflated monetary demands from Plaintiff in violation of 15 U.S.C. § 1692f.

## **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs ENAYATOLLAH NADAF-RAHROV and FOROUGH NADAF-RAHROV respectfully demand a trial by jury. Plaintiffs also respectfully pray for judgment and order against Defendants as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendant;
2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;
3. For a temporary restraining order, preliminary and permanent injunction preventing Defendant, or anyone acting in concert with them from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity;
4. For an Order determining the amounts owed under the loan by Plaintiff;
5. For damages, disgorgement, and injunctive relief;
6. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;
7. For such other and further relief as the Court may deem just and proper.

DATED: November 1, 2016          Respectfully submitted,

MELLEN LAW FIRM


*/s/ Matthew Mellen*
Matthew Mellen, Esq.
Attorney for Plaintiff
ENAYATOLLAH NADAF-RAHROV
FOROUGH NADAF-RAHROV